Williams, J.
It is claimed by the plaintiff in error that the court of common pleas could not take original jurisdiction of the action, because it was for the recovery of money, less in amount than one hundred dollars, and therefore within the exclusive original jurisdiction conferred on justices of the peace by section 585, of the Revised Statutes. That section provides that, “under the restrictions and limitations herein provided, justices of the peace shall have exclusive original jurisdiction of any sum not exceeding one hundred dollars, and concurrent jurisdiction with the court of common pleas in any sum over one hundred dollars, and not exceeding three hundred dollars.” Various restrictions and limitations upon the jurisdic *23 tion of justices of the peace, are imposed by section 591, of the Revised Statutes, one of which is, that they shall not have cognizance of “actions on contracts for real estate; ” and it is contended by defendant in error that the action below was of that character. Whether it was or not, is the question for decision here. It is said by the court in Bridgmans v. Wells, 13 Ohio, 43, that “a contract for real estate, in the sense in which the words are used in their ordinary acceptation, would mean some bargain or agreement for the purchase or conveyance of real property;” and, we think, the words are used in the statute in that sense. It is to be observed, .that the actions of which justices are. denied jurisdiction by the provision of section 591, alluded to, are those “on contracts for real estate.” These are not limited to actions to compel a' conveyance of the land, or for damages for the failure to execute the conveyance, or other breach of the contract by the seller; but include all actions founded on any stipulation of the contract, whether to be performed by the seller, or purchaser. An action for the purchase price of the land is, therefore, within the class of actions which the statute has excluded from the cognizance of justices, and is not taken out of the class by the fact that the seller has executed the conveyance, and fully performed his part of the contract; it is nevertheless necessary to resort to the contract for the terms of the purchaser’s obligation, which is the foundation of the action. We do not hold that actions on promissory notes given for the purchase-price of land are within the operation of section 591. On the contrary, we think they are not, for such action would be founded on the note, and not on the contract. And, as held in Bridgmans v. Wells, supra, *24 contracts to construct or repair buildings, or clear land or leave it in a tenantable condition, and the like, are not.contracts for real estate, but for labor. The action of the plaintiff below was founded on a contract for land. The petition alleges the sale and conveyance of the land by her to the defendant under an agreement by which the latter bound himself to pay a specified consideration in the manner, and within the time averred, and seeks to enforce the contract against him, by a recovery according to its stipulations. The terms of the contract, and its breach, as alleged, were put in issue, and it became necessary for the plaintiff, tó prove them, in order to recover.
JThe action not being within the jurisdiction of a justice of the peace, the court of common pleas had original jurisdiction of it by virtue of section 456, of the Revised Statutes, which gives that court such jurisdiction “in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace.”

Judgment affirmed.